**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASU STUDENTS FOR LIFE, an unincorporated association, et al., | No. 08-15905 |
| Plaintiffs - Appellants, | D.C. No. 2:06-CV-01824-MHM |
| and | |
| JEFFREY MALKOON, | MEMORANDUM * |
| Plaintiff, | |
| v. | |
| MICHAEL M. CROW, in his individual capacity, and in his official capacity as President of Arizona State University, et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding
Argued October 20, 2009
Submitted November 20, 2009
Tucson, Arizona

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: O'CONNOR, Associate Justice (Ret.),[**] KOZINSKI, Chief Judge, and IKUTA, Circuit Judge.

We take judicial notice of Arizona State University's (ASU) revisions to its one-zone and insurance policy. ASU Students for Life (ASUSL) is not challenging this new policy. It is "absolutely clear" that ASU will not revert to its 2005 policy, *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000), because, among other reasons, Appellees stated in open court that ASU will not return to that policy and ASU's revised insurance requirements are consistent with current case law, *see Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011, 1031 (9th Cir. 2009); *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1057–58 (9th Cir. 2006). Therefore, ASUSL's claims for prospective relief are moot. We vacate the portion of the district court's order that deals with ASUSL's claims for prospective relief and remand with instructions to dismiss these claims. *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994).

ASUSL's claims for nominal damages against Ramage and Schroeder in their individual capacities also fail. Even assuming ASU's insurance requirement and one-zone policy violated ASUSL's First Amendment rights, ASUSL has failed

---

[**] The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court (Ret.) sitting by designation pursuant to 28 U.S.C. § 294(a).

to establish that it would be clear to a reasonable official that applying these requirements was unlawful. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). At the time of the events in this case, we had only upheld a city's requirement that speakers post a bond for liability insurance to cover damages resulting from the effects of the speech on park visitors. *Gerritsen v. City of Los Angeles*, 994 F.2d 570, 578–79 (9th Cir. 1993). ASUSL has not identified "a consensus of cases of persuasive authority" that would make it clear to Ramage and Schroeder that their actions were unlawful. *Wilson v. Layne*, 526 U.S. 603, 617 (1999).

**AFFIRMED in part, VACATED in part and REMANDED with instructions.**